## Cook et al. v. Resolute Insurance Company

*Steigerwalt & Riley*, for plaintiffs.

*M. L. Shafer*, for defendant.

HENNINGER, P. J., February 25, 1952.—Plaintiffs brought an action against defendant upon a policy of automobile collision insurance. Defendant demanded proof of the allegations showing liability, averred payment of the policy to a subrogee of plaintiffs, and in new matter averred that individual plaintiff had defaulted in his lease of the automobile involved and thereby forfeited his interest in the policy.

Individual plaintiff has filed preliminary objections that the new matter violates Pennsylvania Rules of Civil Procedure 1019 (a) and 1022 in that it is not stated in concise and summary form and in that it contains more than one allegation in a numbered paragraph.

We share the impatience with dilatory pleadings of our distinguished predecessor, Judge Reno, now of the Superior Court. The true criterion is not whether a pleading complies to the letter with prescribed rules but whether the other party is prejudiced by the deviation from such rules: Fulton v. Arnold, 10 D. & C. 281.

In this case we believe that plaintiff is prejudiced by the inclusion of more than one allegation in one paragraph. We take for example, paragraph 19, which reads as follows:

"That under the terms of the bailment lease recited in the said insurance policy, the Lessee's rights (Paragraphs 2 and 8) are terminated by default, so that the rights of the said William F. Cook, Jr., in the recited bailment lease ceased prior to June 9, 1951, and the interest of the insured under the recited policy of insurance being determined by the interest of the parties in the said bailment lease, the said William F. Cook, Jr., therefore held no interest under the said policy of insurance on June 9, 1951. That furthermore, the said William F. Cook, Jr., was given an opportunity following the repossession of the said vehicle, to reinstate the bailment lease in which his in-

terests had ceased as a result of his continued default, this opportunity having been offered by Dahl Motors Allentown, Inc., the lessor to whom the lease was reassigned by The Merchants National Bank of Allentown, but the said William F. Cook, Jr., refused to reinstate said contract which would have reinstated his rights under the said bailment lease, by refusing to make payment of past due installments when notified to do so, so that his neglect or refusal to so reinstate the contract further indicates that the said Plaintiff, William F. Cook, Jr., has no interest under the said policy of insurance."

It will be noted that the paragraph avers: (1) An interpretation of the policy; (2) its effect to terminate the lease; (3) by reason of a default; (4) a conclusion that individual plaintiff's rights had ceased; (5) because plaintiff's interest in the policy was determined; (6) by reason of the termination of his interest in the lease; (7) despite an opportunity to reinstate the lease (8) by the lessor, (9) to whom the lease had been reassigned, (10) but which plaintiff refused to reinstate, (11) by refusing to make payments, (12) upon notice, (13) showing an indication that he had no interest in the policy.

Undoubtedly, several of these averments and inferences could have been combined to form one allegation, but certainly not all of them. Perhaps plaintiff is willing to admit some averments of fact and deny others. Perhaps he is willing to admit all of the averments of fact but wishes to deny that the inferences made may properly be drawn therefrom. Suffice it to say that this and the other paragraphs under new matter clearly violate Pennsylvania Rule of Civil Procedure 1022 to plaintiff's obvious prejudice.

Now, February 25, 1952, plaintiff's preliminary objections are sustained, defendant's answer containing new matter is stricken off and defendant is ordered

374

to file a new answer conforming to the Pennsylvania Rules of Civil Procedure within 20 days after service of this order upon its counsel.